WALKER v. FLANARY. (No. 5492.)

(Court of Civil Appeals of Texas. Austin. June 16, 1915.)

1. EVIDENCE ⊙⇒442—PAROL EVIDENCE—DATE OF MATURITY OF NOTE.

Where no specific date of payment is named in the note, it is permissible to prove by extrinsic evidence, and especially by a notation in the margin of the note, the date agreed upon by the parties.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1897; Dec. Dig. ⊙⇒442.]

2. TRIAL ⊙⇒252—ISSUES—SUBMISSION.

An issue unsupported by the evidence should not be submitted to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. ⊙⇒252.]

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Action by W. J. Flanary against W. S. Walker. From a judgment for plaintiff, the defendant appeals. Affirmed.

McClellan & McClellan, of Gatesville, for appellant. H. E. Trippet, of Hico, and Eidson & Eidson, of Hamilton, for appellee.

KEY, C. J. Appellee sued L. P. Gibbs, R. P. Marchbanks, and W. S. Walker and recovered a judgment upon a promissory note against all the defendants, and W. S. Walker has appealed.

In appellee's petition it is alleged that the defendants had executed two notes for the same debt, but that the one of later date was not to be delivered and become operative as a substitute for the former note until all the interest was paid, which had not been done. At the trial, appellee abandoned any claim on the second note, and sought to recover only upon the first.

The main defense relied upon is limitation. The suit was filed February 14, 1914, and the note upon which recovery was had reads as follows:

$900.00.    Hico, Texas, 10/23/1909.    No. 2843.
                                     "Due 10/23/1910.

"—— without grace, after date, for value received I, or we, as principals, jointly and severally promise to pay to W. J. Flanary or order nine hundred dollars in gold coin of the United States of the present standard of weight and fineness, or its equivalent, at the First National Bank, Hico, Texas, with interest at ten per cent. per annum from date until paid, interest to become as principal when due and bear the same rate of interest. The makers, sureties, guarantors, indorsers and assignors of this note hereby waive presentment for payment, notice of nonpayment, protest and notice of protest, and consent that time of payment may be extended without notice thereof. In case this note is placed in the hands of an attorney for collection or suit is instituted on it, I, or we, agree to pay ten per cent. additional as attorney's fees.              L. P. Gibbs.
                              "W. S. Walker.
                              "R. P. Marchbanks.
"P. O. Glenrose, Texas."

[1] Counsel for appellant contend that what they term the marginal notation, "Due 10/23/1910," is no part of the note, and therefore the latter was due upon demand, or immediately after its execution. If that contention is correct, the debt was barred by the four years' statute of limitation, and the plaintiff should not have recovered. However, the plaintiff alleged in his petition that it was agreed and understood between the parties that the debt was to become due 12 months after the time when the note was executed; and the court instructed the jury that if they found that such was the agreement of the parties to return a verdict for

the plaintiff for the amount of the debt. Under that instruction, the jury found for the plaintiff upon testimony which supports that finding. We are strongly inclined to hold that the note shows upon its face that the debt was to fall due October 23, 1910; but, if such construction is not correct, then no specific date of payment is named in the note, and it was permissible to prove by extrinsic evidence, and especially by the notation referred to, when the parties intended the debt to become due. Petty v. Fleischel & Smith, 31 Tex. 170, 98 Am. Dec. 524; Head v. Cleburne, etc., 25 S. W. 810. This case is distinguishable from Dark v. Middlebrook, 45 S. W. 963, and Washington County State Bank v. Bank & Trust Co., 168 S. W. 456, relied on by appellant. In the two cases last referred to, it was correctly held that, when the time of payment is clearly stated in the body of the note, that stipulation cannot be varied or controlled by a marginal notation indicating a different time of payment. In this case, if the language, "Due 10/23/1910," is not to be regarded as part of the body of the note, then the latter does not specify any particular time of payment, and therefore there is no inconsistency between it and the time indicated by the notation referred to , and shown by the testimony of witnesses.

[2] While it is true that appellant and his codefendant Marchbanks averred in their answer that the language, "Due 10/23/1910," had been added to the instrument after they signed it, no testimony was presented which would have sustained that averment, and therefore no error was committed in refusing to submit that issue to the jury.

All of the questions presented in appellant's brief have received due consideration, and our conclusion is that the judgment should be affirmed, and it is so ordered.

Affirmed.